UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JULIE ANN SMITH,

    Plaintiff,                                        Case No. 1:20-cv-00141

v.

HUNTER WARFIELD, INC.,

    Defendant.

                                       /

**COMPLAINT**

**NOW COMES** Julie Ann Smith ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of Hunter Warfield, Inc., ("Defendant") as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692, violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227, and violations of the Florida Consumer Collection Practices Act ("FCCPA") pursuant to Florida Statutes §559.55.

**JURISDICTION AND VENUE**

1

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, TCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. The Court has supplemental jurisdiction over the state law FCCPA claim under 28 U.S.C. §1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Northern District of Florida, Defendant conducts business in the Northern District of Florida, and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Florida.

**PARTIES**

5. Plaintiff is a natural person over 18-years-of-age who resides in the Northern District of Florida and is a "consumer" as the term is defined by 15 U.S.C §1692a(3), and is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant is a foreign corporation that is in the business of collecting defaulted debt owed to others. Defendant's principle office is located at 4620 Woodland Corporate Blvd., Tampa, Florida 33614.

7. Defendant principal business purpose is to provide debt collection and asset investigation services to its creditor clients. Defendant also specializes in multi-housing, commercial, funeral care, and educational markets, as well as serves

educational-student housing and student loans, military housing, utility billing, building and medical supply, and auction bid defaults. The company was founded in 1983 and is based in Tampa, Florida.

## FACTS SUPPORTING CAUSES OF ACTION

8. In 2017, Plaintiff moved out of her residential apartment located at the Retreat at Magnolia Parke in Gainesville, Florida.

9. At the time Plaintiff moved out of her apartment, Plaintiff believed to have satisfied all of her obligations with her landlord and the management company.

10. In late 2018, Plaintiff began receiving unknown collection calls to Plaintiff's cellular telephone number (386) XXX-3743.

11. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, possessor, and operator of the cellular telephone ending in 3743.

12. Immediately after the calls began, Plaintiff answered a phone call to her cellular telephone from a representative of Defendant. The representative informed Plaintiff that it was calling to collect a past due debt related to her previous residence in Gainesville, Florida.

13. Plaintiff was perplexed why Defendant was calling her because the debt Defendant was attempting to collect was fully satisfied.

14. Plaintiff notified Defendant that the debt was fully satisfied and demanded that Defendant cease calls to her cellular phone.

15. Plaintiff *never* provided her cellular telephone number to Defendant or otherwise expressly consented to Defendant's phone calls.[1]

16. Plaintiff answered no less than 4 calls from Defendant, and in each answered call, informed Defendant that she does not owe any debts stemming from her residence in Gainesville, Florida, and demanded that Defendant cease its calls to Plaintiff's cellular telephone immediately.

17. Notwithstanding Plaintiff's numerous requests that Defendant's collection calls cease, Defendant placed or caused to be placed an average of 3 phone calls per week between late 2018 through the present day in an attempt to collect on an alleged debt she fully satisfied with the Retreat at Magnolia Parke.

18. Plaintiff's demands that Defendant's phone calls cease fell on deaf ears and Defendant continued its phone harassment campaign.

19. In total, Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular telephone from late 2018 through the present day.

20. In the calls that Plaintiff did answer, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's automated telephone system attempted to connect Plaintiff to a live agent.

---

[1] Upon information and belief, Defendant obtained Plaintiff's cellular telephone number through a method known as "skip-tracing," whereby debt collectors obtain phone numbers by conducting inquiries upon consumer credit reports or other public record searches.

21. Specifically, there would be an approximate 2 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant.

22. Moreover, Plaintiff also hears what sounds to be call center noise in the background of Defendant's calls.

23. Upon information and belief, Defendant placed its calls to Plaintiff's cellular telephone using an automatic telephone dialing system, a telephone dialing system that is commonly used in the debt collection industry to collect defaulted debts.

## DAMAGES

24. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

25. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the incessant phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs

required to recharge her cellular telephone as a result of increased usage of her telephone services.

26. In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

27. Concerned about the violations of her rights and invasion of her privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

28. Defendant repeatedly placed or caused to be placed non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone number using an automatic telephone dialing system ("ATDS") without Plaintiff's prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

29. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

30. Upon information and belief, based on the lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an ATDS to place calls to Plaintiff's cellular telephone.

31. Upon information and belief, the ATDS employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

32. Plaintiff does not have any business relationship with Defendant nor has she given it permission to call her cellular phone.  Defendant was calling Plaintiff's cellular phone attempting to collect an alleged debt that was fully satisfied. As such, she could not have given Defendant consent to contact her on her cellular telephone.

33. Defendant violated the TCPA by placing numerous phone calls to Plaintiff's cellular telephone from late 2018 through the present day, using an ATDS without her prior consent.

34. Any prior consent, if any, was revoked by Plaintiff's numerous verbal revocations.

35. As pled above, Plaintiff was severely harmed by Defendant's collection calls to her cellular phone.

36. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to contact consumers on their cellular phones.

37. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

38. The calls placed by Defendant to Plaintiff were regarding business activities and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

39. Defendant, through its agents, representatives, vendors, third-party contractors, subsidiaries, and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

40. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff, JULIE ANN SMITH, respectfully requests that this Honorable Court enter judgment in her favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

   b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

   c. Enjoining Defendant from further contacting Plaintiff; and

   d. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

41. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

42. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

43. Moreover, Defendant is a "debt collector" because it acquired rights to the debt after it was allegedly in default. 15 U.S.C. §1692a(6).

44. The debt in which Defendant attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

45. Defendant used the phone to attempt to collect the debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

46. Defendant's communications to Plaintiff were made in connection with the collection of the debt.

47. Defendant violated 15 U.S.C. §§1692c(a)(1), c(b), d, d(5), e, e(10), f, and f(1) through its unlawful debt collection practices on a debt that never belonged to Plaintiff.

    a. **Violations of FDCPA § 1692c**

48. Defendant violated §1692c(a)(1) and c(b) when it continuously called Plaintiff after being notified to stop on no less than 4 separate occasions. This

repeated behavior of continuously and systematically calling Plaintiff's cellular phone over and over after she demanded that it cease contacting her was harassing and abusive. Even after being told to stop contacting her, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into paying a debt that she did not legally owe as it was fully satisfied.

49. Furthermore, Defendant has relentlessly called Plaintiff on numerous occasions in the course of less than 6 months. This volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her into submission.

50. Defendant was repeatedly notified by Plaintiff that she satisfied the alleged debt and that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient, unwanted, and distressing to her.

### b. Violations of FDCPA § 1692d

51. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's cellular phone seeking immediate payment on an alleged debt that was previously fully satisfied. Moreover, Defendant continued placing the relentless calls after Plaintiff put Defendant on notice that she paid the alleged debt and demanded that the calls cease on no less than 4 separate occasions.

52. Defendant violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of a debt not owed by Plaintiff with the intent to annoy, abuse, or harass Plaintiff. Specifically, Defendant placed or caused to be placed frequent harassing phone calls to Plaintiff's cellular telephone from late 2018 through the present day, using an ATDS without her prior consent.

### c. Violations of FDCPA § 1692e

53. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect on the alleged debt after it was fully satisfied. Defendant repeatedly contacted Plaintiff seeking to collect upon a debt that was already paid. Even after being apprised of its unlawful acts, Defendant continued its harassing behavior by calling Plaintiff numerous times in a deceptive attempt to force her to answer its calls and ultimately make a duplicate payment, despite the alleged debt being previously fully satisfied. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her via an automated system when it never had consent to do so in the first place.

54. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt through incessant harassing phone calls to the cellular phones of consumers that do not legally owe such debt.

55. Upon information and belief, Defendant systematically attempts to collect debts through harassing conduct and has no procedures in place to assure compliance with the FDCPA.

56. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff, JULIE ANN SMITH, respectfully requests that this Honorable Court:

   a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
   b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
   c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C.      §1692k; and
   d. Award any other relief as the Honorable Court deems just and proper.

### COUNT III – VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

57. At all times relevant to this Complaint, Plaintiff, was and is a natural person, and is a "consumer" as that term is defined by Florida Statutes § 559.55(8).

58. At all times relevant to this action, Defendant is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

59. At all times relevant to this Complaint, Defendant was and is a "person" as said term in defined under Florida Statute § 1.01(3) and is subject to the provisions of Florida Statute § 559.27 because said section applies to "any person" who collects

or attempts to collect a consumer debt as defined in Florida Statute § 559.72 because said provision applies to "any person" who collects or attempts to collect a consumer debt as defined in Florida Statute § 559.51(1).

60. At all times material hereto, the debt in question was a "consumer debt" as said term is defined under Florida Statute §559.55(6).

61. Defendant violated section 559.72(7) of the FCCPA through its unlawful conduct.

    a.    **Violations of FCCPA § 559.72(7)**

62. A person violates section 559.72(7) of the FCCPA when it willfully communicates with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member or her or his family.

63. Defendant violated section 559.72(7) of the FCCPA when it placed repeated harassing telephone calls to Plaintiff after Plaintiff informed Defendant calls were not welcomed as Defendant was calling to collect an alleged debt that was previously fully satisfied. Ignoring Plaintiff's requests to cease calling, Defendant continued to place numerous phone calls to Plaintiff's cellular phone.

**WHEREFORE**, Plaintiff, JULIE ANN SMITH, requests that this Honorable Court:

    a.  Enter judgment in Plaintiff's favor and against Defendant;

b. Award Plaintiff her actual damages in an amount to be determined at trial pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

c. Aware Plaintiff statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

d. Award Plaintiff an equitable relief, including enjoining Defendant from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77(2);

e. Award Plaintiff costs and reasonable attorneys' fees pursuant to the Florida Consumer Practices Act, Fla. Stat. §559.77; and

f. Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: June 15, 2020                                Respectfully Submitted,

/s/ Alexander J. Taylor
Alexander J. Taylor, Esq.
Florida Bar No. 1013947
Sulaiman Law Group, Ltd.
2500 South Highland Ave. Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com